**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4626**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

OSCAR PAZ MENDOZA,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:15-cr-00083-NCT-2)

Submitted:  July 29, 2016                   Decided:  August 5, 2016

Before NIEMEYER, SHEDD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mark A. Jones, BELL, DAVIS & PITT, PA, Winston-Salem, North Carolina, for Appellant. Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Oscar Paz Mendoza pled guilty to conspiracy to distribute cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846 (2012). The district court sentenced Mendoza to 109 months' imprisonment, and he now appeals. Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether Mendoza knowingly and voluntarily pled guilty. Mendoza was informed of his right to file a pro se supplemental brief, but he has not done so.

Because Mendoza did not seek to withdraw his guilty plea, we review the acceptance of his guilty plea for plain error. United States v. Aplicano-Oyuela, 792 F.3d 416, 422 (4th Cir. 2015). "In order to satisfy the plain error standard [Mendoza] must show: (1) an error was made; (2) the error is plain; and (3) the error affects substantial rights." United States v. Massenburg, 564 F.3d 337, 342-343 (4th Cir. 2009). We have reviewed the record and conclude that no reversible error occurred in the acceptance of Mendoza's guilty plea, which was knowing and voluntary.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Mendoza's conviction and sentence. This court requires that counsel inform Mendoza, in writing, of the right to petition the Supreme Court of the United States for

2

further review.  If Mendoza requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Mendoza.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED